Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>HURON LAW GROUP PLLC, a Michigan Professional Limited Liability Company, CHARLES N. DEGRYSE, an individual,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

/ / /

/ / /

- 1 -
Complaint

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of Los Angeles, but has recently moved to the County of Orange, State of California.

2. Defendant HURON LAW GROUP PLLC ("Huron Law Group") is, and at all times herein mentioned was, a Michigan Professional Limited Liability Company, doing business in the County of Los Angeles, State of California.

3. Defendant CHARLES N. DEGRYSE, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

4. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012). The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

# FACTUAL SUMMARY

6. Defendants made eight (8) live calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch debt consultancy services on the following dates and times and using the following Caller ID ("CID") numbers and Caller ID name ("CNAM"):

- December 17, 2013 at 12:12 pm CID 145-3433
- December 17, 2013 at 12:19 pm CID 248-327-0403 "Gina Woodson"
- December 17, 2013 at 1:20 pm CID 248-327-0403 "Gina Woodson"
- December 18, 2013 at 10:50 am CID 248-327-0403 "Gina Woodson"
- December 21, 2013 at 1:48 pm CID 145-3432
- December 21, 2013 at 3:20 pm CID 145-3432
- May 6, 2014 at 2:16 pm CID "011-alphamax"
- May 6, 2014 at 2:22 pm CID "011-alphamax"

7. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from August 9, 2008 to the present.

8. While each of the calls complained of above used the Caller ID number, they transmitted either no CID Name information or false and misleading CID Name and not true and accurate CID Name information as required by law. 47 C.F.R. § 64.1601(e).

9. On December 17, 2013 at 12:12pm, Defendants called Mr. Sapan's home telephone transmitting an obviously falsified CID of 145-3433.

10. Mr. Sapan answered and a live person who claimed he was "Steven"

of "Debt Free Network" tried to pitch debt consultancy services and asked if Mr. Sapan had unpaid debts.

11. Trying to figure out who was in fact calling him, Mr. Sapan answered affirmatively that he had debts and "Steven with Debt Free Network" proceeded to transfer the call to a person who self-identified as "Gina Woodson of Huron Law Group" who continued to try to sell debt consultancy services.

12. Mr. Sapan inquired where Huron Law Group was located, and Ms. Woodson said it was in Michigan.

13. For some technical reason, probably having to do with the transfer, the call was dropped shortly after that.

14. Mr. Sapan searched online shortly after the call and quickly Huron Law Group's website and their corporate registration filed with the Michigan Department of Licensing and Regulatory Affairs - Corporations Division.

15. Mr. Sapan also searched for any company called "Debt Free Network" in Michigan or anywhere else and was not able to identify any such entity or trade name registered anywhere.

16. Plaintiff pleads on information and belief that "Debt Free Network" is a completely false generic-sounding name that was used by Huron Law Group personnel when making sales calls to try to evade detection by authorities and privacy advocate litigants like Mr. Sapan.

Complaint

17. A few minutes later on December 17, 2013 at 12:19pm, Defendants called Mr. Sapan's home telephone transmitting a CID number of 248-327-0403 and CID name of "Gina Woodson".

18. Mr. Sapan was busy and did not answer the call.

19. While Huron Law Group uses an 800 number as its main line, it is located in the 248 area code, and Ms. Woodson's name was on the CID (though not the company name as required by law).

20. Defendants called Mr. Sapan's home telephone transmitting a CID number of 248-327-0403 and CID name of "Gina Woodson" two more times, once more on December 17, 2013 at 1:20pm, and once the next day on December 18, 2013 at 10:50am.

21. Mr. Sapan was busy and did not answer these calls either.

22. For each of the missed calls transmitting a CID number of 248-327-0403 and CID name of "Gina Woodson", Plaintiff pleads on information and belief Defendants made the call to try to sell their debt consultancy services since the CID name was Ms. Woodson's who had tried to sell him those services during the first call.

23. On December 21, 2013 at 1:48 pm, Defendants called Mr. Sapan's home telephone transmitting the same obviously falsified CID of 145-3433 that was used in the first call, which he answered.

Complaint

24. Mr. Sapan now knew that these calls were from a telemarketer whose identity had been determined and he chose not to answer them.

25. For each of the unanswered calls transmitting a CID number of 145-3433, Plaintiff pleads on information and belief Defendants made the call to try to sell their debt consultancy services since the CID number was the same falsified number used in the first call.

26. On May 6, 2016 at 2:16 pm, Defendants called Mr. Sapan's home telephone transmitting no CID number whatsoever and a CID name of "011-alphamax". (CID number fields can only transmit numbers, not letters).

27. Mr. Sapan answered and a live person who claimed he was "Kevin" of "Debt Free Network" tried to pitch debt consultancy services and asked if Mr. Sapan had unpaid debts.

28. Mr. Sapan strongly suspected this was Huron Law Group again since they had used the false name "Debt Free Network" in the first call, but to be sure he again played along with the caller saying he had debt and "Kevin" tried to transfer him just like in the first call.

29. A technical glitch interrupted the call just like it had in the first one, but this time it force dropped the call before the transfer instead of shortly after.

/ / /

/ / /

30. A little later, on May 6, 2016 at 2:22 pm, Defendants called Mr. Sapan's home telephone again transmitting no CID number whatsoever and a CID name of "011-alphamax".

31. Mr. Sapan answered and it was again "Kevin" with "Debt Free Network" who said he would connect Mr. Sapan with his "advisor" and brought "Melinda" on the line, who again started to pitch debt consultancy services.

32. Mr. Sapan asked for the company name and she said it was Huron Law Group.

33. Mr. Sapan said he was not interested and hung up.

34. For the first call transmitting a CID name of "011-alphamax" which was dropped, Plaintiff pleads on information and belief Defendants made the call to try to sell their debt consultancy services since it was the same caller as the latter call wherein the "advisor" tried to sell these services and self-identified as being with Huron Law Group.

**Liability of Huron Law Group**

35. In each call Mr. Sapan answered the representative self-identified as being with Huron Law Group while trying to sell their debt consultancy services, and each call Mr. Sapan did not answer used the same CID as a call he did answer,

or the same individual name (Gina Woodson) as he was given during a call he did answer.

36. To the extent that the first and last calls may have used a telemarketing agent to set up a "hot transfer" to Huron Law Group, Plaintiff alleges on information and belief that this agent was employed by Huron Law Group since every answered call transferred to them intentionally and the initial representative would refer to the Huron representative as an "advisor" or "supervisor" to give the impression they were all part of the same organization or joint enterprise.

## **Liability of Charles N. DeGryse**

37. Defendant Charles N. DeGryse is, and at all times herein mentioned was, the owner of Defendant Huron Law Group, PLLC.

38. Defendant Charles N. DeGryse is, and at all times herein mentioned was, the only person listed as an officer or manager at Defendant Huron Law Group in any public document freely available from the State of Michigan and the State Bar of Michigan.

39. The State Bar of Michigan lists Defendant Charles N. DeGryse as the "Director of Litigation".  See, http://www.michbar.org/memberdirectory/results.cfm.

40. The State Bar of Michigan does not list any other attorney as working for Defendant Huron Law Group.  See, https://www.zeekbeek.com/SBM/Search-Results#firm=huron+law+group&mtype=good&profession=Lawyers&region=MI.

41. In addition to being sole listed officer, Defendant Charles N. DeGryse is also listed as the Registered Agent for Huron Law Group with the Michigan Department of Licensing and Regulatory Affairs - Corporations Division.  See, http://www.dleg.state.mi.us/bcs_corp/dt_llc.asp?id_nbr=D4327W&name_entity=HURON%20LAW%20GROUP%20PLLC.

42. Plaintiff has searched public records such as federal Employer Identification Number registries and can find no record that Huron Law Group employs anyone other than Mr. DeGryse in a managerial role, nor any evidence that anyone other than Mr. DeGryse has a managerial role at Huron Law Group.

43. Plaintiff alleges on information and belief that Defendant Charles N. DeGryse made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

### Actual Harm & Willful and Knowing Conduct

44. Mr. Sapan is angered and annoyed by these junk calls and has been harmed by the waste of his time during the calls themselves, the waste of time in

Complaint

having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and intrusion on his privacy of having to listen to the insistent metallic jangling of a phone ringing in his home whether he answered a particular call or not.

45. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 7% of his monthly phone bill in December 2013 since Defendants calls constituted 5% or more of the total calls to his phone during the height of their junk calling campaign.

46. Plaintiff alleges on information and belief that Defendants made the calls described above intentionally, in the sense that the number called was the one they meant to call in pitching their services.

47. Plaintiff alleges on information and belief that Defendants made the calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

## FIRST CAUSE OF ACTION
[TCPA Violation – Do Not Call List – For All 8 Calls]

48. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

- 10 -
Complaint

49. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

50. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

51. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

52. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

53. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel – For All 8 Calls]

54. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

55. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

56. At no time did Plaintiff consent to this trespass.

57. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 7% of his monthly phone bill in December 2013 since Defendants calls constituted 5% or more of the total calls to his phone during the height of their junk calling campaign.

58. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex,

injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

### THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices – For All 8 Calls]

59. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

60. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

61. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 7% of his monthly phone bill in December 2013 since Defendants calls constituted 5% or more of the total calls to his phone during the height of their junk calling campaign.

62. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

/ / /

Complaint

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For compensatory damages according to proof;
4. For punitive damages;

On the THIRD CAUSE OF ACTION:

5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

6. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.
7. For costs of suit herein incurred; and
8. For such further relief as the Court deems proper.

DATED: July 18, 2016                                **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN